Date signed February 01, 2007



/s/ Paul Mannes
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| MASOOD KURESHI : | Case No. 06-16298PM |
| : | Chapter 7 |
| Debtor : | |

**MEMORANDUM OF DECISION**

The Debtor filed a Motion to dismiss this bankruptcy case under Chapter 7. As pointed out in such cases as *In re Banks*, 35 B.R. 59 (BC Md. 1983), and *In re Pagnotta*, 22 B.R. 521 (BC Md. 1982), a Chapter 7 proceeding, unlike a case filed under Chapter 13, does not provide a revolving door in and out of the Bankruptcy Court. *See Penick v. Tice*, 732 F.2d 1121 (CA4 1984); *In re Turpen*, 244 B.R. 431 (BAP-8 2000).

The filing of a bankruptcy case under Chapter 7 triggers the automatic stay of 11 U.S.C. § 362(a). Very often, unsecured creditors, upon receiving notice of the filing of a bankruptcy case, close their file. In the instant case, because of the confusing nature of Debtor's Statement of Intent, the apparent existence of substantial equity to provide a dividend to unsecured creditors, the court is hesitant to grant the Motion, even considering the absence of opposition from the Interim Trustee. The court will therefore deny the Motion without prejudice to renewal following either the filing of a consent to the Motion by the Chapter 7 Trustee or the completion of a Meeting of Creditors held pursuant to § 341 if the Bankruptcy Code.

cc:
Masood Kureshi, P.O. Box 2334, Germantown, MD 20875
Roger Schlossberg, Trustee, 134 West Washington St., P.O. Box 4227, Hagerstown, MD 21741

**End of Memorandum**